ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# DISTRICT OF COLUMBIA CIRCUIT

STATE OF CALIFORNIA, *et al.*,

  *Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

  *Respondents*.

No. 21-1014 (lead)

AMERICAN LUNG ASSOCIATION, *et al.*,

  *Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

  *Respondents*.

No. 21-1027 (consolidated)

CENTER FOR BIOLOGICAL DIVERSITY,

  *Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

  *Respondents*.

No. 21-1054 (consolidated)

## MOTION TO CONTINUE TO HOLD CASES IN ABEYANCE

Petitioners in these consolidated cases seek judicial review of an action titled "Review of the National Ambient Air Quality Standards for Particulate Matter," 85 Fed. Reg. 82,684 (Dec. 18, 2020) ("Particulate Matter NAAQS Decision"). In 2021, Respondents United States Environmental Protection Agency, et al. ("EPA") indicated its intention to reconsider the Particulate Matter NAAQS Decision. EPA moved to hold these cases in abeyance pending that reconsideration, and the Court granted that motion and placed the cases in abeyance until March 1, 2023. In March 2023, EPA moved to extend the abeyance until October 31, 2023. The Court granted that motion. EPA now requests that the Court extend that abeyance other 60 days to allow EPA to finalize its reconsideration of the Particular Matter NAAQS Decision.

Counsel for EPA has conferred with counsel for Petitioners and movant-intervenors. Counsel for Petitioners State of California *et al.*, Case No. 21-1014, American Lung Association *et al.*, Case No. 21-1027, Petitioner Center for Biological Diversity, Case No. 21-1054, and Intervenors National Manufacturing Association *et al.* authorized EPA to report that they do not oppose the requested relief.

As reported in EPA's September 14, 2023 status report, EPA has requested and received public comment, held public meetings, and received advice from the

Clean Air Scientific Advisory Committee ("CASAC") regarding revised scientific and policy assessments relevant to its Particular Matter NAAQS Decision. *See* Doc. 1978014. On January 27, 2023, EPA published in the Federal Register a notice of its proposed action reconsidering the Particulate Matter NAAQS Decision, entitled "Reconsideration of the National Ambient Air Quality Standards for Particulate Matter," 88 Fed. Reg. 5,558 (Jan. 27, 2023). EPA opened a public comment period on the proposal that closed March 28, 2023. EPA has reviewed those comments and has drafted the final rule, which is presently being reviewed by the Office of Management and Budget.

EPA expects that the final rule will be finalized and ready for signature by the end of 2023. After signature, it will be published in the Federal Register, which could take several weeks.

Given the ongoing proceedings, EPA respectfully moves that the Court continue to hold these consolidated cases in abeyance until January 2, 2024 (the first business day after the 60th day after October 31, 2023) to allow EPA to finalize and publish its final decision on reconsideration. There is good cause to extend the abeyance. Courts may defer judicial review of a final rule pending completion of reconsideration proceedings, *see Am. Petroleum Inst. v. EPA*, 683 F.3d 382 (D.C. Cir. 2012) ("API"), and have done so for Clean Air Act rules like the one at issue here, *see, e.g.*, *Sierra club v. EPA*, 551 F.3d 1019, 1023 (D.C. Cir.

2008). Here, EPA has now published its proposed reconsideration decision and is in the final stages of review necessary to finalize a new action. Petitioners' claims may ultimately be rendered moot by EPA's reconsideration. Extending the abeyance would thus save both judicial and party resources by avoiding litigation that may soon be preempted. *See API*, 683 F.3d at 388. Furthermore, extending the abeyance also will not unduly prejudice any party, as all parties consent to EPA's requested extension.

Accordingly, for these reasons, and good cause shown, EPA respectfully requests that the Court order that these consolidated cases continue to be held abeyance until January 2, 2024. Once final action is taken or before expiration of the extended abeyance period, EPA expects that the parties will confer and submit proposals to govern any further proceedings to the Court.

Respectfully submitted,

Dated: October 31, 2023

/s/ *Sarah A. Buckley*
SARAH A. BUCKLEY
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-7554
Email: sarah.buckley@usdoj.gov

*Counsel for Respondents Environmental Protection Agency, et al.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d), I hereby certify that the foregoing complies with the type-volume limitation because it contains 592 words, according to the count of Microsoft Word.

<u>/s/ Sarah A. Buckley</u>
SARAH A. BUCKLEY

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

/s/ Sarah A. Buckley
SARAH A. BUCKLEY
