# UNITED STATES COURT OF APPEALS
# DISTRICT OF COLUMBIA CIRCUIT

_____
                                          )
STATE OF CALIFORNIA, *et al.*,            )
                                          )
      *Petitioners*,                          )
                                          )
v.                                        )    No. 21-1014
                                          )    (lead)
UNITED STATES ENVIRONMENTAL               )
PROTECTION AGENCY, *et al.*,              )
                                          )
      *Respondents*.                          )
_____ )
                                          )
AMERICAN LUNG ASSOCIATION, *et al.*,      )
                                          )
      *Petitioners*,                          )
                                          )
v.                                        )    No. 21-1027
                                          )    (consolidated)
UNITED STATES ENVIRONMENTAL               )
PROTECTION AGENCY, *et al.*,              )
                                          )
      *Respondents*.                          )
_____ )
                                          )
CENTER FOR BIOLOGICAL                     )
DIVERSITY,                                )
                                          )
      *Petitioner*,                           )
                                          )
v.                                        )    No. 21-1054
                                          )    (consolidated)
UNITED STATES ENVIRONMENTAL               )
PROTECTION AGENCY, *et al.*,              )
                                          )
      *Respondents*.                          )
_____ )

## MOTION TO CONTINUE TO HOLD CASES IN ABEYANCE

Petitioners in these consolidated cases seek judicial review of an action titled "Review of the National Ambient Air Quality Standards for Particulate Matter," 85 Fed. Reg. 82,684 (Dec. 18, 2020) ("Particulate Matter NAAQS Decision"). In 2021, Respondents United States Environmental Protection Agency, et al. ("EPA") indicated its intention to reconsider the Particulate Matter NAAQS Decision. EPA moved to hold these cases in abeyance pending that reconsideration, and the Court granted that motion and placed the cases in abeyance until March 1, 2023. EPA has sought extensions of that abeyance to allow it to finish its reconsideration, most recently to January 2, 2024. *See* Order dated November 3, 2023 (Doc. 2025313). EPA now requests that the Court extend that abeyance by four weeks to January 30, 2024, allow it to finalize its reconsideration of the Particular Matter NAAQS Decision.

Counsel for EPA has conferred with counsel for Petitioners and movant-intervenors. Counsel for Petitioners State of California *et al.*, Case No. 21-1014, and Intervenors National Manufacturing Association *et al.* authorized EPA to report that they reserve their right to file a response to EPA's motion. Counsel for Respondent-Intervenors has authorized EPA to report that they do not oppose EPA's requested extension.

As reported in EPA's prior status reports, EPA has requested and received public comment, held public meetings, and received advice from the Clean Air Scientific Advisory Committee ("CASAC") regarding revised scientific and policy assessments relevant to its Particular Matter NAAQS Decision. *See* September 14, 2023 Status Report (Doc. 1978014). On January 27, 2023, EPA published in the Federal Register a notice of its proposed action reconsidering the Particulate Matter NAAQS Decision, entitled "Reconsideration of the National Ambient Air Quality Standards for Particulate Matter," 88 Fed. Reg. 5,558 (Jan. 27, 2023). EPA opened a public comment period on the proposal that closed March 28, 2023. EPA has reviewed those comments and has drafted the final rule, which is presently being reviewed by the Office of Management and Budget. *See* October 31, 2023 Unopposed Motion to Continue to Hold Cases in Abeyance (Doc. 2024686).

Since EPA's October 31, 2023 motion, the draft final rule has continued to undergo inter-agency review. EPA had expected that that review process would conclude and the rule would be signed by the end of 2023. Currently, however, EPA expects that the rule will be finalized and ready for signature by the end of January 2024. After signature, it will be published in the Federal Register, which could take several weeks.

Given the ongoing proceedings, EPA respectfully moves that the Court extend the current abeyance until January 30, 2024, to allow EPA to bring the

reconsideration to a close. There is good cause to extend the abeyance. Courts may defer judicial review of a final rule pending completion of reconsideration proceedings, *see Am. Petroleum Inst. v. EPA*, 683 F.3d 382 (D.C. Cir. 2012) ("API"), and have done so for Clean Air Act rules like the one at issue here, *see, e.g.*, *Sierra club v. EPA*, 551 F.3d 1019, 1023 (D.C. Cir. 2008). Here, EPA has now published its proposed reconsideration decision and is in the final stages of review necessary to finalize a new action. Petitioners' claims may ultimately be rendered moot by EPA's reconsideration. Extending the abeyance would thus save both judicial and party resources by avoiding litigation that may soon be preempted. *See API*, 683 F.3d at 388. Furthermore, extending the abeyance also will not unduly prejudice any party, as all parties consent to EPA's requested extension.

Accordingly, for these reasons, and good cause shown, EPA respectfully requests that the Court order extend the abeyance by four weeks, until January 30, 2024. Once final action is taken or before expiration of the extended abeyance period, EPA expects that the parties will confer and submit proposals to govern any further proceedings to the Court.

                                                         Respectfully submitted,

Dated: January 2, 2024    /s/ *Sarah A. Buckley*
SARAH A. BUCKLEY
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-7554
Email: sarah.buckley@usdoj.gov

*Counsel for Respondents Environmental Protection Agency, et al.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d), I hereby certify that the foregoing complies with the type-volume limitation because it contains 644 words, according to the count of Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

/s/ Sarah A. Buckley
SARAH A. BUCKLEY